## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS
## (EASTERN DIVISION)

| | |
|---|---|
| In re: | Bk. Case No.: 11-16217 (JNF) |
| Women's Apparel Group, LLC, | Chapter 11 |
|     Debtor. | |
| _____/ | |
| Craig Jalbert, as Liquidating Trustee of the Women's Apparel Group Liquidating Trust, | Adv. Case No.: 13-01273 (JNF) |
|     Plaintiff, | |
| vs. | |
| MC2 Model Management, LLC, | |
|     Defendant. | |
| _____/ | |

### DEFENDANT MC2 MODEL MANAGEMENT, LLC'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant MC2 Model Management, LLC ("Defendant" or "MC2"), by and through undersigned counsel, files this Answer and Affirmative Defenses to the Complaint to Avoid Transfers Pursuant to 11 U.S.C. §§ 547, 548, 549 and 502 and to Recover Property Transferred Pursuant to 11 U.S.C. §550 ("Complaint"), filed by Plaintiff Craig Jalbert, as Liquidating Trustee of the Women's Apparel Group Liquidating Trust ("Plaintiff" or "Liquidating Trustee") as follows:

### ANSWER

1.  As to the allegations contained in paragraph 11, Defendant admits that MC2 Model Management, LLC is a limited liability company and has a principal place of business located at 6 West 14th Street, 2nd Floor, New York, NY 10011. The remaining allegations contained in paragraph 11 are denied.

2. As to the allegations contained in paragraph 17, Defendant is without sufficient knowledge or information at this time as to whether the Debtor and Defendant entered into any agreements, and the same is therefore denied. The remaining allegations contained in paragraph 17 are denied.

3. As to the allegations contained in paragraph 19, Defendant is without sufficient knowledge or information at this time as to whether the Defendant provided goods and/or services to the Debtor, and the same is therefore denied. The remaining allegations contained in paragraph 19 are denied.

4. As to the allegations contained in paragraph 22, Defendant admits that the alleged transfers are subject to defenses. The remaining allegations contained in paragraph 22 contain legal conclusions as to which the Defendant lacks sufficient knowledge or information at this time to form a belief as to the accuracy thereof, and the same are therefore denied.

5. As to the allegations contained in paragraphs 1 through 10, 12 through 16, 20, 21, 25, 26 and 32, Defendant is without sufficient knowledge or information at this time to form a belief as to the truth or accuracy of the matters asserted, and the same are therefore denied.

6. Defendant denies the allegations contained in paragraphs 18, 24, 27, 33, 35, 36, 38, 40 through 42, and 44 through 48.

7. As to the allegations contained in paragraphs 23, 34, 37, 39 and 43, Defendant reasserts and reincorporates its responses to the paragraphs referenced therein as if repeated in full and at length herein.

8. As to the allegations contained in paragraphs 28, 29, 30 and 31, these paragraphs contain legal conclusions as to which the Defendant lacks sufficient knowledge or information to form a belief as to the accuracy thereof, and the same are therefore denied.

9. Any allegations not specifically responded to hereinabove are hereby denied.

2

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice.

## AFFIRMATIVE DEFENSES

1. As and for its first affirmative defense, MC2[1] asserts that the Plaintiff has sued the wrong party in connection with the transfers alleged in the Complaint.

2. As and for its second affirmative defense, MC2 asserts that some or all of the services allegedly rendered by the Defendant, or another entity, were or may have been provided to a related or affiliated entity of the Debtor, and not the Debtor.[2]

3. As and for its third affirmative defense, MC2 asserts that goods and/or services which were or may have been provided to the Debtor were protected by copyrights and/or other intellectual property rights and therefore could not, and cannot, be used by the Debtor without compensation or authorization.

4. As and for its fourth affirmative defense, MC2 asserts that the transfers to MC2 alleged in the Complaint (a) were intended by the Debtor and MC2 to be a contemporaneous exchange for new value given to the Debtor, and (b) were in fact a substantially contemporaneous exchange. The transfers were for new services performed by MC2 for the Debtor, at the Debtor's request in the ordinary course of business, and the some or all of the transfers were made by the Debtor contemporaneously with or promptly after the new services were provided. Therefore the transfers may not be avoided pursuant to Section 547(c)(1) of the Bankruptcy Code, and the Plaintiff may not recover, for the benefit of the Estate, the property transferred, or the value of such property, from MC2 pursuant to Section 550(a)(1) of the Bankruptcy Code.

---

[1] All references to MC2 in the remaining Affirmative Defenses are made for ease of reference to preserve defenses and are made notwithstanding, and without waiving, this Affirmative Defense.

[2] All references to the Debtor in the remaining Affirmative Defenses are made for ease of reference to preserve defenses and are made notwithstanding, and without waiving, this Affirmative Defense.

5.  As and for its fifth affirmative defense, MC2 asserts that the transfers to MC2 alleged in the Complaint were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and MC2, and such transfers were (a) made in the ordinary course of business or financial affairs of the Debtor and MC2, or (b) were made according to ordinary business terms.  Therefore the transfers may not be avoided pursuant to Section 547(c)(2) of the Bankruptcy Code, and the Plaintiff may not recover, for the benefit of the Estate, the property transferred, or the value of such property, from MC2 pursuant to Section 550(a)(1) of the Bankruptcy Code.

6.  As and for its sixth affirmative defense, MC2 asserts that the transfers to MC2 alleged in the Complaint were to or for the benefit of MC2, to the extent that, after such transfers, MC2 gave new value to or for the benefit of the Debtor (a) not secured by an otherwise unavoidable security interest, and (b) on account of which new value the Debtor did not make an otherwise unavoidable transfer to or for the benefit of MC2.  Therefore the transfers may not be avoided pursuant to Section 547(c)(4) of the Bankruptcy Code, and the Plaintiff may not recover, for the benefit of the Estate, the property transferred, or the value of such property, from MC2 pursuant to Section 550(a)(1) of the Bankruptcy Code.

7.  As and for its seventh affirmative defense, MC2 asserts that the Plaintiff is not entitled to "recover" the transfers under Section 550 because the transfers to MC2 may not be avoided under Section 547 of the Bankruptcy Code, as set forth in the fourth, fifth and sixth Affirmative Defenses above.  Therefore, MC2 is not in possession of "property" of the Debtor's Estate, and is not required to turn over the transfers, or the value thereof, to the Plaintiff under Section 550(a).

8.  As and for its eighth affirmative defense, MC2 asserts that all of the alleged transfers were made for a reasonably equivalent exchange of value in connection with services

supplied by MC2 to the Debtor; all transfers made were fair, reasonable and standard in the industry.

9. As and for its ninth affirmative defense, MC2 asserts that the transfers were not made with intent to hinder, delay or defraud present or future creditors of the Debtor. The transfers were made in exchange for fair and adequate consideration in connection with services supplied by MC2 to the Debtor.

10. As and for its tenth affirmative defense, MC2 asserts that the Debtor was not insolvent on the dates the transfers were made or become insolvent as a result of such transfers; the Debtor was not engaged in business or a transaction, or about to engage in business or a transaction, for which any property remaining with the Debtor was an unreasonably small capital; the Debtor did not intend to incur, or believe that it would incur, debts that would be beyond the Debtor's ability to pay as such debts matured; and the Debtor did not make the transfers to or for the benefit of any insiders, or incur such obligations to or for the benefit of any insiders.

11. As and for its eleventh affirmative defense, MC2 asserts that the transactions involved herein provided the Debtor with a profit, not a loss, and provided the Debtor with benefits which enhanced its business, sales and revenues.

12. As and for its twelfth affirmative defense, MC2 asserts that it is entitled to a set-off against the Debtor for monies owed for services rendered.

        Respectfully submitted,
        MC2 Model Management, LLC

        s/ Jack I. Siegal
        Michael Paris, Esq. (BBO #556791)
        William C. Nystrom, Esq. (BBO #559656)
        Jack I. Siegal, Esq. (BBO #669173)
        NYSTROM BECKMAN & PARIS LLP
        One Marina Park Drive, 15th Floor
        Boston, Massachusetts 02210

        Telephone: 617-778-9100
        Telefax: 617-778-9110
        mparis@nbparis.com
        wnystrom@nbparis.com
        jsiegal@nbparis.com
        *Local counsel for MC2 Model Management, LLC*

        AND

        Geoffrey S Aaronson, Esq.
        Florida Bar No.: 347623
        Tamara D. McKeown, Esq.
        Florida Bar No.: 773247
        AARONSON SCHANTZ P.A.
        Miami Tower, 27th Floor
        100 SE 2nd Street
        Miami, Florida 33131
        Tel. 786.594.3000
        Fax 305.424-9336
        gaaronson@aspalaw.com
        tmckeown@aspalaw.com
        *Counsel for MC2 Model Management, LLC*

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing was furnished on February 5, 2014 via e-mail to all parties registered to receive notice through the Court's CM/ECF service, and via separate e-mail to Alex Govze, Esq., ASK LLP, Counsel for Plaintiff, Craig Jalbert, as Liquidating Trustee of the Women's Apparel Group Liquidating Trust, at agovze@askllp.com.

                                  s/ Jack I. Siegal
                                  Jack I. Siegal, Esq.